This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39384

**JARED KILEEN,**

Plaintiff-Appellant,

v.

**TAMBERIN DIDIO, FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY, and PROGRESSIVE DIRECT INSURANCE COMPANY,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Law Office of Brian K. Branch
Brian K. Branch
Albuquerque, NM

for Appellant

Allen Law Firm, LLC
Meena H. Allen
Albuquerque, NM

for Appellee Progressive Direct Insurance Co.

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Plaintiff is appealing from a district court order granting summary judgment in favor of Defendant Progressive Direct Insurance Company and dismissing Plaintiff's complaint. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, and Defendant has filed a memorandum in support. We affirm.

**{2}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review issues of law de novo. *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (citation omitted).

**{3}** Here, Plaintiff's amended complaint named multiple parties in this lawsuit that arose out of an automobile accident. [RP 14] Plaintiff settled all claims relating to each defendant except for Progressive. [RP 177] Plaintiff's remaining claim against Progressive alleged that he was entitled to uninsured/underinsured motorist (UM/UIM) coverage notwithstanding the rejection of this coverage because Progressive employed an "all or nothing" coverage option that is contrary to New Mexico law. The district court agreed with Progressive that the law was not violated and thus granted summary judgment and dismissed the complaint against Progressive. [RP 180]

**{4}** Plaintiff acknowledges that this Court has considered this same "all or nothing" argument in *Lueras v. GEICO General Insurance Co.*, 2018-NMCA-051, ¶¶ 4, 13-17, 424 P.3d 665, where we held that this offer of coverage does not violate New Mexico law. [MIO 8] Nevertheless, Plaintiff continues to argue that *Lueras* was wrongly decided, and Plaintiff in effect asks us to overrule that case. We decline to do so. It follows that we do not need to reach Plaintiff's argument that the policy should be reformed to provide UM/UIM coverage.

**{5}** For the reasons set forth above, we affirm the district court.

**{6}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**